RAMON GALLEGOS *v.* MARIANO PINO, DIONICIO
CHAVES, AND FRANCISCO ANTONIO CHAVES.

SECTIONS OF STATUTE RE-ENACTED ON SAME DAY, HOW CONSTRUED.—Where
sections of statutes on the same subject, enacted originally at differ-
ent times, are re-enacted by a revisory act, they are to be construed to-
gether, if possible, as continuous sections of the same act; and this
principle should be applied in construing the sections of the statute re-
lating to service of process, where the sheriff is a party.

SERVICE OF PROCESS AGAINST SHERIFF.—Where the sheriff is a party defend-
ant, upon the affidavit of the plaintiff showing that fact, the clerk must
direct the process to the United States marshal, and the latter must
serve it, the section requiring service of such process by the coroner be-
ing nugatory, because there is no provision that process shall in such
cases be directed to the coroner.

APPEAL from the district court for the county of Valencia.
The case appears from the opinion.

*Charles P. Clever*, for the appellant.

*R. H. Tompkins*, for the appellees.

By Court, HUBBELL, J.; SLOUGH, C. J., concurring:

This cause was brought to this court by appeal from the
district court, second judicial district, county of Valencia,
Mr. Justice Houghton presiding, May term, 1866. It ap-
pears from the record that the appellant filed his petition
in an action of trespass, in this cause, on the ninth day of
March, A. D. 1866, and on the same day he also filed in the
clerk's office the following affidavit:

United States of America, Territory of New Mexico, County
of Valencia.

Ramon Gallegos, on his oath, states that he has this day
instituted a suit against Mariano Pino, Dionicio Chaves, and
Francisco Antonio Chaves, all residents of the county of
Valencia, to wit, an action of trespass; that one of the said
defendants, to wit, Dionicio Chaves, is at present the sher-
iff of said county of Valencia, and that there is no coroner
for said county. He therefore prays the honorable judge of
said court to grant an order to issue process herein to the

marshal of the territory of New Mexico, or any of his deputies.

His
RAMON X GALLEGOS.
mark.

Subscribed and sworn to before me, this seventh day of · March, 1866.                MECLHIOR WERNER,

Clerk District Court, Second Jud. Dist.

The clerk will issue process to the marshal of the territory in the above cause.

SYDNEY A. HUBBELL, Judge.

Subsequently summons was issued to the marshal and served and returned by him on the twenty-eighth day of April, 1866, at the May term, 1866. Upon the calling of this case a motion was interposed by Messrs. Ashurst and Benedict, attorneys, as *amici curiæ*, to quash the writ, "because the said writ is not directed to the proper officer under the law qualified to serve said writ; because there is no service of said writ by any officer authorized by law to serve the said writ." Upon this motion the court below quashed the writ, and directed the costs to be taxed against the appellant. From this judgment an appeal was taken to this court.

The only question presented to this court is, was the summons in this cause directed to and served by the proper officer? On page 670, Rev. Stat. sec. 2, it is provided, that "all processes issued by the clerk of the district court, shall be directed to the sheriffs of their respective counties, who shall execute such process according to law, and shall attend upon such courts during their sittings." This provision is from the Kearny code of 1846. On the same page, 670, sec. 7, the act of fourth of February, 1854, provides, "that whenever the sheriff of any county of this territory shall be a party to a suit, or shall be absent, dead, or shall in any other manner be incapacitated from the discharge of the duties of his office, the process in any proceedings shall be directed to the marshal of the territory, who is hereby fully empowered to execute the same."

An act approved January 13, 1863 (see Rev. Stat., sec. 3, p. 266), provides, "that the coroner shall, within his

county, serve and execute all orders and mandates, and perform all other duties of the sheriff, when the sheriff be a party to or interested in a suit, or in any manner disqualified from acting."

These are the only provisions of the statute that prescribe who is the proper officer to serve process issued by the clerks of the district courts, and although they were originally passed at different sessions of the legislature, yet they were all revised and re-enacted by an act relative to the revision of the statutes, approved January 24, 1865. Section 1, Rev. Stat., p. 742, declares, that the revision of the statutes, commencing with article 1, entitled " *acequias* " and ending with article 67, entitled " woods and prairies," with all and each of the articles and chapters inclusive, be and the same are hereby declared to be the " revised statutes and laws of the territory of New Mexico, and as such shall have full force and effect in all courts thereof."

Thus it will be observed that all the sections above referred to were each and all enacted and approved on the same day, to wit, the twenty-fourth of January, 1865, and unless the sections conflict with each other in their practical operation, they are each in full force and effect. The first section imperatively commands that all process issued by the clerks of the district court " shall be directed " to the sheriff. The next one, that when the sheriff be a party to, or interested in, a suit, or in any manner disqualified from acting, the coroner shall serve all process, and perform all other duties of the sheriff. And the next one, that whenever the sheriff shall be a party to a suit, or shall be absent, or shall in any other manner be incapacitated, etc., the process in any proceeding shall be directed to the marshal. As these sections were all enacted at the same time, they must be regarded as continuous sections of the same act, and relating to the same subject, and hence must be construed together.

Upon a careful analysis of the language employed in these sections, it will be found that the one relating to coroners nowhere commands that process shall be directed to the coroner; it simply directs that the coroner shall serve the pro-

cess upon the happening of a certain contingency; whereas the one relating to the sheriff commands that the process shall be directed to the sheriff; and the one relating to the marshal also commands that the process shall be directed to the marshal. No authority is given anywhere by the legislature to direct the process to the coroner, but the officer issuing the process is expressly commanded, first, to direct the process to the sheriff, when he is present in the county, not a party to the suit, nor otherwise disqualified; and, second, in case the sheriff is a party to the suit, or otherwise disqualified, then the process must be directed to the marshal.

In construing the two sections relating respectively to coroner and marshal, we are impelled to the conclusion that they so conflict in their essential provisions as to preclude attaining harmony in their practical operation. The coroner is authorized to serve process upon the happening of a certain contingency, but how can he serve the process if it does not come to him? And how will it reach his hands if it can not be directed to him? It can not be upon the ground of necessity for want of sufficient legislation upon the subject, for it is provided in another section of the same act to whom the process shall be directed, and also who shall serve it, and that officer is the marshal; nor does it require any order from the judge to authorize the clerk to issue process to the marshal. The law points out to him in the plainest language when he shall issue process to the sheriff, and when he shall issue process to the marshal. It can only be issued to the latter upon the happening of the contingency laid down in the statute. The clerk can not take notice officially that such contingency exists, but it must be shown to exist by the affidavit of the party praying the process, or his agent, and when such affidavit shall be filed with the clerk, then it is made his duty by law to issue and direct the process to the marshal, who is fully empowered to execute the same. No discretionary power is given to the clerk; the law is full, concise, and positive.

In this case the appellant filed his affidavit, stating that

Dionicio Chaves, one of the defendants, was at that time sheriff of Valencia county, and that there was no qualified coroner in said county. Upon this affidavit the clerk issued process, directed to the marshal of the territory of New Mexico, and in so doing he simply followed the plain and unmistakable direction of the statute. The averment in the affidavit that there was no qualified coroner in the county was unnecessary, because in no contingency is the clerk authorized to direct process to the coroner.

The writ having been lawfully directed to the marshal, the law fully empowered him to execute the same. The return upon the writ is: "I certify that the within has been served by leaving a true copy of the original with each one of the within-named defendants, this, the twenty-eighth day of April A. D. 1866," signed by the marshal. This return shows that the service was made in conformity with the requirements of the law.

It is ordered that the judgment of the district court in this cause be reversed and annulled, and that the cause be remanded to the district court of Valencia county to be proceeded in according to law.